KDI NAVCOR, INC., a Delaware corporation, Transferee, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
KDI Navcor, Inc. v. Commissioner
Docket No. 8491-73.
United States Tax Court
T.C. Memo 1976-77; 1976 Tax Ct. Memo LEXIS 321; 35 T.C.M. (CCH) 341; T.C.M. (RIA) 760077; March 16, 1976, Filed. Denton G. Burdick, Jr., for the petitioner. Jan R. Pierce, for the respondent. FORRESTER
MEMORANDUM FINDINGS *322 OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in Yamhill Lumber Company's (Yamhill) income tax in the amount of $44,788 for its taxable year ended September 30, 1969. Respondent seeks to hold petitioner KDI Navcor, Inc. (KDI), liable for the deficiency as a transferee of Yamhill's assets. The first issue before us is whether, in computing the section 1201(a) [1] alternative tax, the excess of operating expenses over ordinary income can offset Yamhill's capital gains resulting from a section 631(a) election. The second issue is whether Yamhill incurred a net operating loss for its taxable year 1969. FINDINGS OF FACT All of the facts have been stipulated and are so found. Yamhill was a corporation formed under the laws of Montana having its principal office in White Sulphur Springs, Montana. Yamhill filed its Federal income tax return on an accrual basis for its taxable year ended September 30, 1969, with the Internal Revenue Service Center, Ogden, Utah. Petitioner is a corporation formed under the laws of Delaware having its principal office *323 at Cincinnati, Ohio. On or about October 23, 1969, Yamhill, two other Montana corporations and KDI merged into one corporation, petitioner being the surviving corporation. The merger agreement provided that the surviving corporation would be governed by the laws of Delaware. The merger agreement also provided that Yamhill would transfer all its assets to petitioner for no consideration. Because of Yamhill's transfer of its assets for no consideration, petitioner is a transferee of those assets within the meaning of section 6901, and petitioner has so stipulated. During its taxable year 1969, Yamhill was engaged in the lumber business and, pursuant to an election under section 631(a), Yamhill had capital gains of $485,489. During 1969 Yamhill's expenses exceeded ordinary income by $162,867. OPINION The first issue for our decision has been long settled in this Court. Petitioner may not offset capital gains by the excess of expenses over ordinary income when computing its tax liability under section 1201(a). , affd. ; , *324 affd. per curiam ; , affd. per curiam . The authorities are strong and explicit; we see no reason to reiterate our position. As to the second issue, the only year before us is fiscal 1969. Petitioner's position is that Yamhill incurred a net operating loss in 1969 because its operating expenses exceeded its ordinary income. However, even if so, that loss would not affect 1969 but would be carried forward or back to other years not before us. Sec. 172. It follows that this issue must also be decided for respondent. Cf. . Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩